[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE AS GLOBAL RECYCLING CORP.
The plaintiff has sued the named defendant and S. Kasowitz and Sons, Inc., alleging counts of breach of contract, unjust enrichment and violation of the Connecticut Unfair Trade Practices Act (CUTPA) as to each. The dispute concerns the lease of storage trailers at the plaintiff's facility in Orange. The defendant has filed an amended answer, special defenses and counterclaims, and the plaintiff now moves to strike the second, third, fourth, fifth and seventh special defenses as well as all three counterclaims.[1]
The motion, as it relates to the second special defense and second counterclaim, both sounding in fraud, contends that the defendant has failed to allege detrimental reliance. Indeed, the defendant had failed to include such an allegation in its original special defenses and counterclaim dated August 17, 1998, but it has included in its amended answer, special defenses and counterclaim the allegation that "in reliance on the plaintiff's action, the defendant informed the third parties that Kasowitz was solely responsible for all trailer rentals to defendant thereby inducing defendant, Kasowitz and third parties to CT Page 14404 consummate their transaction and not to investigate or cause to be terminated such trailers rental prior to their stock purchase to their material and continuing detriment and injury." (Special defenses, par. 7) The second counterclaim incorporates this language by reference, and this is sufficient to permit both the second special defense and counterclaim to survive a motion to strike.
The third special defense and third counterclaim are grounded in allegations of negligent misrepresentation. The plaintiff moves to strike them for essentially the same reason as it moves to strike the fraud special defense and counterclaim. Once again, the defendant has cured the defect contained in its original special defenses and counterclaims by including the paragraph which alleges detrimental reliance on the allegedly negligent misrepresentations of the plaintiff.
The plaintiff has moved to strike the fourth special defense based on the unclean hands doctrine. The basis for this contention appears to be that the defendant will be unable to show sufficient facts to show that "equity requires the court to step in to the present matter." This is an issue for trial. The fourth special defense, when construed in the light most favorable to the pleader, contains sufficient allegations to permit it to survive this motion to strike.
The fifth special defense is based on the statute of frauds, and the plaintiff moves to strike it based on its claim that the contracts in question were for a period of four weeks. It is not, however, clear from the pleadings that the contracts were for four week periods or merely that payments under a longer contract were due every four weeks. Based on the present state of the pleadings, the motion to strike must therefore be denied.
The plaintiff's argument with regard to the seventh special defense (estoppel) is similar to those made in connection with its motion to strike the fraud and negligent misrepresentation special defenses and counterclaims. The motion as it relates to this special defense must therefore also be denied.
As to the first counterclaim, which alleges a violation of CUTPA, this counterclaim is simply devoid of allegations that rise to the level of an unfair or deceptive practice. The inclusion of such a counterclaim is the sort of effort to construe CUTPA as "so formless as to provide redress to any CT Page 14405 person, for any ascertainable harm, caused by any person in the conduct of any trade or commerce" that was condemned in Jacksonv. R.G. Whipple, Inc., 225 Conn. 705, 725-726 (1993).
The motion to strike, as it relates to the first counterclaim (CUTPA) is therefore granted; in all other respects, the motion is denied.
Jonathan E. Silbert, Judge